[No. 10296. Department Two. September 9, 1912.]

J. C. Dore, *Respondent*, v. R. P. Jones *et al.*, *Appellants.*[1]

Brokers—Commissions—Performance of Contract—Evidence—Sufficiency. The fact that a broker first introduced a prospective purchaser, after which he did not purchase, knowing that it was also listed with another broker, does not establish that he earned the agreed upon commissions, where it appears that for several days previously the purchaser had been looking for property with the other broker, who subsequently showed the property, made the sale and received the commissions; since the latter's efforts were the efficient cause of the sale.

Appeal from a judgment of the superior court for Spokane county, Yakey, J., entered June 20, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover a broker's commission. Reversed.

*Davis & Rhodes*, for appellants.

*L. H. Prather*, for respondent.

Mount, J.—This action was brought by the plaintiff, who was a real estate agent, to recover a commission upon an alleged sale of real estate. The defendants admitted that the property was listed with the plaintiff for sale, but denied that it was sold by the plaintiff. This was the principal issue upon the trial. The case was tried to the court and a jury. At the close of the evidence, the defendants moved the court for a directed verdict. This motion was denied, and a verdict was subsequently returned in favor of the plaintiff for $250, upon which verdict a judgment was entered. The defendants have appealed.

[1]Reported in 126 Pac. 413.

Several errors are assigned, based upon the denial of the motion for a directed verdict, and also on certain instructions. It was admitted that the plaintiff and the defendants entered into the following contract:

"Spokane, Washington, January 3, 1910.
"I hereby list with J. C. Dore till notified in writing to the contrary my property described as follows: (Then follows description.) This listing void after thirty days from date. My price is $6,000. My terms are cash. If sold by J. C. Dore I agree to pay a commission equal to $250, payable in cash at the time transfer is made. Commissions two hundred and fifty dollars.
"Jones & Mollendorf, by R. P. Jones."

The same property was already listed with other real estate agents, and this fact was known to the plaintiff. At the time the contract was entered into, the plaintiff told the defendants that he had a purchaser for just such property, and he took Mr. Mollendorf to see the purchaser, but the purchaser was not at home. Arrangements were then made by which Mr. Mollendorf might meet the purchaser on the following morning. Mr. Mollendorf, in accordance with this arrangement, met the prospective purchaser, and she appeared favorably disposed toward the property and promised to look at it that same day. It appears that, for several days previously, she had been looking for a suitable purchase, in company with another real estate agent, a Mr. Wilson, who was a salesman for Grinnell & Company, with whom the same property was listed. This prospective purchaser later came with Mr. Wilson, examined the property, and subsequently purchased it through the efforts of Mr. Wilson, and the agreed commission of $250 was paid by the defendants to Grinnell & Company. When Mr. Mollendorf saw that the purchaser was in company with Mr. Wilson who was endeavoring to make the sale, he at once notified the plaintiff of that fact. This is the substance of the testimony.

The plaintiff first introduced the prospective purchaser to defendants, but he did nothing more. It was conclusively shown that Mr. Wilson, of the firm of Grinnell & Company, was the efficient cause of the sale, and there is no claim, or at least no evidence, that the defendants acted in bad faith with the plaintiff. The mere fact that the plaintiff first introduced the purchaser to the defendants is not a compliance with the contract to sell, where it is shown that the sale is made and closed by another agent with whom the property is also listed. In *Frink v. Gilbert*, 53 Wash. 392, 101 Pac. 1088, we said:

"Where several brokers have the same property listed for sale, although each has contributed towards the result, the one whose effort was the efficient cause of the sale is entitled to recover the commission. The leading case upon this subject, and one most frequently cited and relied upon by the courts, is that of *Vreeland v. Vetterlein*, 33 N. J. 247, where the court said: 'Where the property is openly put in the hands of more than one broker, each of such agents is aware that he is subject to the arts and chances of competition. If he finds a person who is likely to buy, and quits him without having effected a sale, he is aware that he runs the risk of such person falling under the influence of his competitor— and in such case he may lose his labor. This is a part of the inevitable risk of the business he has undertaken. . . . . Now in this competition, the vendor of the property is to remain neutral; he is interested only in the result. But when either of the agents thus employed brings a purchaser to him, and a bargain is struck at the required price, on what ground can he refuse to complete the bargain? Can he say to the successful competitor, this purchaser was first approached by your rival, and you should have refused to treat with him on the subject? There is no legal principle upon which such a position could rest. . . . And if, therefore, it should be known to the vendor of the property that the agent, who introduces a purchaser to him has, by the usual arts of competition, taken such purchaser out of the hands of his rival, I am not aware of anything in the law which would justify such vendor in a refusal to complete the contract. . . . In the absence of all collusion on the part

of the vendor, the agent, through whose instrumentality the sale is carried to completion, is entitled to the commissions.' "

This is conclusive of the case, for here the plaintiff did nothing more than introduce the prospective purchaser to the defendants. He did not even show her the property. She was in charge of a rival agent, who showed her the property and actually made the sale and received the commission. On these facts, the court should have directed a verdict for the defendants. The judgment is therefore reversed, and the cause ordered dismissed.

FULLERTON, ELLIS, MORRIS, and GOSE, JJ., concur.