[No. 11863. Department. Two. November 14, 1914.]

## H. N. BAGLEY, *Respondent*, v. FRANCES FOLEY *et al.*, *Appellants.*[1]

BROKERS—COMMISSIONS—PERFORMANCE—PROCURING CAUSE—EVIDENCE—SUFFICIENCY. The evidence sufficiently supports findings that plaintiffs as brokers were the procuring cause of a sale, and had earned their commissions, where the testimony, although conflicting, tended to show that the property was first duly listed with another firm, and later with plaintiffs, for sale on stated terms, that the purchaser was introduced by plaintiffs who showed the property and procured a tentative agreement in writing, and the other firm then took up the negotiations and closed the sale upon substantially the same terms.

SAME—ACTION FOR COMMISSIONS—INSTRUCTIONS—"PROCURING" CAUSE. In an action to recover a broker's commission where the property had been listed with two firms, both of whom participated in the negotiations, instructions to the jury authorizing a recovery by the brokers who were the "procuring" cause of the sale, are not open to objection in that they did not use the terms "efficient" or "efficient procuring" cause of the sale, as the phrases are substantially the same.

TRIAL—INSTRUCTIONS—REQUESTS. It is not error to refuse requested instructions that are covered in the general charge.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered February 19, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Stephen E. Chaffee*, for appellants.

*O. L. Boose*, for respondent.

[1]Reported in 144 Pac. 25.

FULLERTON, J.—In June, 1912, the appellants listed with The Sunnyside Land and Investment Company, a real estate broker, certain lands owned by them, situated in Yakima county, for sale on terms expressed in a written memorandum, agreeing to pay, in case a purchaser should be found for the property, a stated commission. On September 6th of the same year, the appellants listed the same property with the respondent Bagley, likewise a real estate broker, to be sold on substantially similar terms. The property was subsequently sold to one G. F. Randel, on terms satisfactory to the owners, each of the brokers contributing towards the result, although acting separately and not jointly. The appellants refused to recognize the respondent's claim to the commissions agreed upon, and the respondent brought the present action to recover the same. The cause was tried, after issue joined, by the court sitting with a jury, and a verdict returned in the respondent's favor for $500. From the judgment entered upon the verdict, this appeal is prosecuted.

In their first assignment of error, the appellants question the sufficiency of the evidence to justify a recovery on the part of the respondent. Our examination of the record, however, convinces us that the evidence was sufficient in this respect. Without entering upon an extended review of the testimony, it tended to show that the purchaser was introduced to the appellants by the respondent Bagley; that he took the purchaser out to examine the land at two different times, at the latter of which the terms on which the purchase could be made was discussed with the owners and a tentative agreement in writing entered into for a sale of the property; that a part of the purchase price was to be paid by the exchange of certain property situated in another state, and that the appellants wished to inquire further as to its value before closing the deal; that a telegram was prepared by one of the appellants and forwarded by the respondent making the inquiry, to which an answer was returned which proved satis-

factory to the owners; that, at this stage of the trade, the other agent took up the negotiations and closed the deal substantially upon the terms agreed upon. The question was, therefore, which of the agents was the procuring cause of the sale, and we think the jury could rightfully find in favor of the respondent. It is true there was a conflict in the testimony as to some of the facts mentioned, and it may be that the testimony would have justified a finding for the other side. But to determine on which side the truth lay, was within the peculiar province of the jury, and this court, at least, must accept their findings on conflicting evidence as conclusive.

The court, among others, gave to the jury the following instructions:

"In order for the plaintiff to recover in this case he must prove to your satisfaction by a fair preponderance of the evidence that he was employed to procure a purchaser for the property in question and that pursuant thereto he did find a purchaser ready, able and willing to purchase and brought such purchaser and defendants together. And in this connection you are instructed that if you believe from the evidence that the plaintiff was employed to find a purchaser for the property of the defendants, and, pursuant thereto, did find a purchaser, who, through the efforts of the plaintiff purchased defendants' property upon the terms specified in the listing contract, or as subsequently modified, or upon different terms agreed to between the defendants and such purchaser, and that the plaintiff was the procuring cause of the sale, then your verdict will be for the plaintiff.

"A seller is not obliged to pay two commissions where two brokers are engaged in selling his property, unless after one has procured a purchaser ready, able and willing to purchase upon terms acceptable to him, he deals through another, or in some way colludes with him to deprive the other broker of the fruits of his labor, and in this case if you find that the plaintiff produced a purchaser ready, able and willing to purchase upon terms satisfactory to the defendants, and that a sale was made which you believe the plaintiff was the procuring cause thereof, the fact that the defendants may have dealt through another broker and paid him a commission

does not take away the right of the plaintiff to recover in this case."

Arguing against the correctness of these instructions, the appellants' counsel says:

"These instructions might have been given had the controversy arisen between the owner and the broker with the property listed with only said broker. In other words, the rule of law which the court laid down to the jury is not the rule of law where property is listed with more than one broker.

"The rule laid down in the case of *Frink v. Gilbert*, 53 Wash. page 392, 101 Pac. 1088, and *Dore v. Jones*, 70 Wash. page 157, 126 Pac. 413, is that 'the one who is the efficient cause of the sale is entitled to the commission.' Efficient means one who secures results. The court used the word 'procuring' instead of the word 'efficient' and based the entire instruction on whether or not the respondent was the procuring cause of the sale and uses the word procuring in a very loose manner."

But we cannot think the instructions erroneous for the reason here suggested. In the case first cited, the court did say, in one part of the opinion (p. 395), that "Where several brokers have the same property listed for sale, although each has contributed towards the result, the one whose effort was the efficient cause of the sale is entitled to recover the commission;" and further on (p. 397): "The property was listed with two agencies, and the only question open is which one was the efficient procuring cause of the sale." In the second case, the court quoted certain of the language used in the earlier case with approval. But an examination of the cases themselves will show that neither of the judgments was rested upon any supposed differences between the meanings of the phrases "procuring cause" and "efficient cause." As applied to the efforts of a broker in the sale of property of his customer, the phrases have substantially, if not quite, the same meaning. But admitting a shade of difference, it would be too much of a refinement to hold that a broker can not recover commissions where he is only the "procuring

cause" of the sale, but can so recover where he is the "efficient cause." We cannot think, therefore, that the instructions complained of are objectionable for the reasons suggested.

Error is also assigned on the refusal of the court to give certain requested instructions. But the court's charge as a whole was a correct statement of the law of the case, commendable for its conciseness and brevity. It would not have been improved upon by including the requests. It was not, therefore, error to fail to include them, conceding them to be correct statements of the law and applicable to the issues.

The judgment is affirmed.

CROW, C. J., PARKER, MORRIS, and MOUNT, JJ., concur.